**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| COLUMBIA PARK EAST MHP, LLC | ) | |
| JAMES MARTIN | ) | |
| GEORGE DAGRACA | ) | |
| ROBERT MORGAN | ) | |
| and KENNETH BURNHAM | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No._____ |
| | ) | |
| KEYBANK NATIONAL ASSOCIATION; US | ) | |
| BANK NATIONAL ASSOCIATION; and | ) | |
| C-III ASSET MANAGEMENT ; TODD | ) | |
| BRAGG, and JOHN DOES (unknown) | | **JURY TRIAL DEMANDED** |
| individuals involved with Defendants). | ) | |
| | | |
| Defendants. | | |
| | ) | |

**COMPLAINT**

AND NOW COMES, Plaintiffs Columbia Park East MHP, James Martin, George DaGraca, Steven Gordon, Robert Morgan and KENNETH BURNHAM (hereinafter "PLAINTIFFS"), by and through their attorneys the Lucas Law Group, PLLC, and files this Complaint alleging the following:

**JURISDICTION AND VENUE**

1.   The Court has original and subject matter jurisdiction over this action pursuant to 18

U.S.C. §1964, *et. seq.* along with supplemental jurisdiction under 28 USC §1332 and the

amount in controversy is in excess of $75,000.

2.   Venue is proper in this Judicial District pursuant to 18 U.S.C. §1965 and 28 USC

§1391 because DEFENDANTS are subject to personal jurisdiction in this judicial district by

conducting business in the district and through minimum contacts with the District.

**PARTIES**

3.    Plaintiff Columbia Park East MHP LLC ("Columbia East") is a Delaware limited liability

company that holds title in fee simple to Cuyahoga County Parcel Nos. 020-23- 003, 262-

11 -0 01, and 262-14-050 (collectively "Property"), consisting of a large senior citizen

mobile home park, a family park, and shopping center.

4.   Plaintiff Kenneth C. Burnham (" Burnham") is a New York State Resident who resides at

70 Old Stonefield Way, Pittsford, New York 14534, and has an interest in the Property as a

member of East.

5.   Plaintiff Robert C. Morgan ("Morgan") is a New York State resident resides at 5 Van

Voorhis Road, Pittsford, New York 14534-9749 and has an interest in the Property as a

member of East.

6.    Plaintiff George DaGraca (" Dagraca") is a New York State Resident who resides at 82

Barchan Dune Rise, Victor, New York 14564, and has an interest in the Property as a

member of East.

7.    Plaintiff James A. Martin (" Martin") is a New York State Resident who resides at 3

Oakberry Lane, Pittsford, New York 14534-, and has an interest in the Property as a member of East.

8.   Plaintiff Steven J. Gordon (" Gordon") is a New York State Resident who resides at 70 Old Stonefield Way, Pittsford, New York 14534, and has an interest in the Property as a member of East.

9.   Plaintiff Kenneth C. Burnham (" Burnham") is a New York State Resident who resides at at 150 Buckland Avenue, Rochester, New York 14618, and has an interest in the Property as a member of East.

10.   Defendant U.S. Bank National Association is a commercial banking enterprise, the Trustee for the Mortgage Bond Holders headquartered at 800 Nicollet Mall, Minneapolis, MN 55402

11.   Defendant Key Bank N.A. is the Master Servicer for the Lender and Mortgage Bond Holders, located at 11501 Sprint Parkway in Overland park, Kansas. 662211

12.   Defendant CIII Asset Management, LLC is the Loan servicer for the Lender, and is located at 5221 N O'Conner Blvd, Suite 600 Irving Texas 75039

13.   Defendant Todd Bragg is an agent and employee of CIII Asset Management, who under US Code #18: 1962 (c) is a person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

14.  Defendants John Doe are those Defendants employed by the other Defendants in this action who are participating, or have participated as an agent, servant, employee or associated with the Corporate Defendants, Key Bank, US Bank and C-III, the enterprises engaged in, or the

activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. Plaintiffs will supplement the actual names through discovery.

## INTRODUCTION

15. Since 2011, Defendants US BANK and KEY BANK have engaged in, and continue to engage in the practice of charging illegal and fraudulent fees not allowed for in their Loan Agreements, using financial extortion and intimidation and utilizing the US Mail to facilitate their scheme in violation of US Code, Title 18, §1341, relating to Mail Fraud.

16. In 2017, C-III, along with Defendants US BANK and KEY BANK have engaged in, and continue to engage in the practice of charging illegal and fraudulent fees not allowed for in their Loan Agreements, using financial extortion and intimidation and utilizing the US Mail to facilitate their scheme in violation of US Code, Title 18, §1341, relating to Mail Fraud.

17. Defendant's actions alleged below constitute a "pattern of racketeering activity" as defined in US Code 18, §1961(5), and is a Prohibited Activity under US Code 18, §1962(b) and (c).

18. As a result of the violation of US Code 18, §1962:  under US Code 18, §1964 (c) Plaintiffs are entitled to recover "threefold the damages he sustains and the cost of the suit".

19. Defendants are directed to the allegations of the prior suit **Case #6:13-cv-06402**, in the US District Court of Western New York for a description of the predicate acts (the "Predicate Case"). The Complaint is attached as Exhibit 1 to the Affidavit of Kenneth Burnham, attached hereto, incorporated herein and marked Exhibit A ("Burnham Affidavit").

20. Defendants in the instant case are the same actors, or affiliates who committed the multiple fraudulent acts in **Case #6:13-cv-06402.**

4

21.     The continuing acts include the current act of charging a $2,750,000 "late fee", and charging

other egregious, fraudulent fees and costs allegedly associated with the Columbia Park mobile

home park Loan Agreement, and attempting to enforce such claims by financial extortion, and

false and misleading statements through the US Mails.

22.     Defendants committed significant violations of the US Code 18, §1962 (mail fraud and wire

fraud), that Plaintiffs have suffered injuries in its business and property (in part monetary,

tenants withholding their rent and leaving the property due to Defendant's Complaint, and

forestalling of the WWTP project needed to correct EPA violations at the project site).

23.      Plaintiff Kenneth C. Burnham filed a Civil RICO Complaint in this very court on or about

July 31, 2013 against Defendants U.S. Bank National Association, ("US BANK"), Key Bank

National Association ("KEY BANK") and Newberry Management,  **Case #6:13-cv-06402**, the

(LAKE VILLA CASE) alleging a pattern of acts engaged in multiple instances of fraud in the

inducement; unlawful collection of debt; conversion; unjust enrichment; financial extortion,

financial fraud; breach of contract; and tortuous interference with the conduct of Plaintiffs'

business in charging illegal "Exit Fees" to Plaintiff in association with its various mortgage

loans .   Additionally, Plaintiff charged US BANK and KEY BANK with illegal taking and

foreclosure of personal and real property, conversion, misrepresentation and fraud in taking

rents and monies of Plaintiffs, denial of due process through misrepresentation, and improper

filing of false public records.

24.      Defendants US BANK and KEY BANK settled the case with Plaintiff, paying Plaintiff

substantial damages, paying Plaintiff's legal fees, and suffering the loss of value in the

property they illegally seized and ran into the ground.  In all they paid, a total well in excess of

$12,000,000.

25.    In spite of the above described experience, US BANK and KEY BANK continue their illegal

pattern and course of conduct in the instant case, committing or attempting to commit almost

identical tortious acts in charging a $2,750,000 "late fee", and charging other egregious,

fraudulent fees and costs associated with the Columbia Park mobile home park loan.

26.    The actions, or intended actions of Defendants US BANK and KEY BANK violated US Code,

Title 18, §1341, relating to Mail Fraud, having devised or intending to devise a scheme to defraud

(or to perform specified fraudulent acts), and having used the mail for the purpose of executing, or

attempting to execute, the scheme (or specified fraudulent acts).

27.    Since 2011, Defendants US BANK and KEY BANK have engaged in, and continue to engage

in the practice of charging illegal and fraudulent fees not allowed for in their Loan

Agreements.

28.    Exhibit 2 to the Affidavit of Burnham (Exhibit A) is a copy of the delivery package made to

the address of Plaintiff Burnham sent by Defendants containing the demand for the improper

fees and expenses.

29.    Attached hereto as Exhibit 3 to the Burnham Affidavit is a copy of the relevant pages of the

Loan Agreement between Plaintiffs and Defendants Section 2.2: the Loan Agreement.

" If  Borrower  fails to pay any installment of interest or principal within five (5) days of
(and including) the date on which the same is due, Borrower shall pay to Lender a late charge
on such past-due  amount,  as liquidated damages and not as a penalty, equal to five percent
(5%) of such amount, but not in excess of the maximum amount of interest allowed by
applicable law. While any Event of Default exists, the Loan shall bear interest at the Default
Rate."

The Loan Agreement considers a late charge to be part of the interest "(5%), but not

6

in excess of the maximum rate allowed by applicable law." The Loan is currently in maturity

default due to an ownership dispute. The Loan Agreement goes on to say, <u>"while any Event</u>

<u>of Default exists, the loan shall bear interest at the default rate.</u>" There is no indication that

the 5% additional interest due under the Default Rate is additive to the 5% additional interest

due on a late payment. There is no agreement that the late charge is due on anything other

than the regular monthly payment, when the Loan is not in Default.  The Default Rate

controls and there can be no interest bearing Late Fee.

30. Attached to the Burnham Affidavit is Exhibit 4, page 12 of the <u>Defendants Complaint CV-17-</u>

<u>887110</u> in the Cuyahoga County Court of Common Pleas, wherein: Late charges are charged

on the entire principal balance of the loan in the amount of $2,750,000. This charge is applied

during a period of time when an Event of Default existed, and is not allowed pursuant to the

terms of Para 2.2.

31. Defendants complaint covers a period of time from July 2, 2017 to October 9, 2017, a period

of 99 days, or 27.5% of a year (360 days).  Default interest would be due for this period at the

rate of 5% per annum, or $756,250.  Defendants aver in their complaint that the amount due is

$2,009,027.78, again a grossly inflated, fraudulent allegation under their Complaint.

Defendants foreclosure complaint lists $599,435.28 in unspecified "expenses" due. This is

unexplained, unsupported and a fraudulent charge as the only charges allowed during an Event

of Default is the Default Interest.

32.  Defendants attempt to collect this debt is egregious, fraudulent, an attempt to intimidate and

extort monies from the Plaintiff through Defendants greater financial resources and in

violation of the Loan Agreement between the parties.

33.  Plaintiffs had a meeting with Todd Bragg, an agent of Defendant C-III Asset Management on

October 26, 2017. Mr. Bragg was at a loss to explain these charges, other than they came from

those higher up in his company.  He acknowledged during this meeting that these charges were

not all supported by the Loan Agreement.

## COUNT I
## FRAUDULENT MISREPRESENTATION

34.  Plaintiffs incorporate paragraphs 1-33 as though fully set forth herein.

35. Defendants attempt in their foreclosure pleading to enforce collection on the Guarantees of

Plaintiffs Burnham, DaGraca, Martin, Morgan and Gordon by alleging the following

fraudulent averments, and untrue assertions:

a.) That there is an existing mechanics lien filed by AAA Electric which is encumbering the

property which is an default under the Mortgage and Note, and invokes the personal

guarantees of these individual Plaintiffs. This alleged lien expired by operation of law on

September 14, 2017, prior to the initiation of Defendants foreclosure action.

b.) That the transfer of the interests of Columbia Park East to Burnham, DaGraca, Martin,

Morgan and Gordon from Plaintiff East to five separate LLC entities is a default under

the Mortgage and invokes the personal guarantees of these individual Plaintiffs. This

transfer event is specifically allowed under the Mortgage and the Loan Agreement, under

Paragraph 3.9(g), as shown on that document Exhibit 5 to the Burnham Affidavit.

c.) That the purchase of the other TIC entity, Columbia Park Far West, ("Far West") interest

through the processes out lined in the TIC Agreement for the Property, the Tenants in

Common Agreement ("TIC Agreement") is a default under the Mortgage. and invokes

the personal guarantees of these individual Plaintiffs. Far West was a Defaulting TIC party. The TIC agreement is a Loan Document, and the processes to buy out a Defaulting TIC party are outlined therein, and part of the Loan Agreement.

d.)  That the failure to repair or replace the WWTP (waste water treatment plant) at the Property entities is a default under the Mortgage. and invokes the personal guarantees of these individual Plaintiffs. The WWTP is owned and operated by the Columbia Park Water and Sewer System, ("CPWSS") a licensed Ohio Public Utility at the Property, who is not a party to the Loan Mortgage and/or security Agreement. CPWSS has accepted the responsibility to repair or replace this system, but cannot do so without a "Permit to Install" issued by the Ohio EPA. Although it is ready willing and able to perform this work, it cannot be accomplished until this PTI is issued. In the meantime, Plaintiffs have effected all of the repairs they can accomplish without a PTI, an investment of over $550,000.  See, Exhibit 6 to the Burnham Affidavit.

36.  As outlined above Defendants participate and have participated willingly and knowingly in a scheme to defraud Plaintiffs of their investment through grossly overcharging fees and expenses.

37.  At all relevant times, the Defendants committed acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint; additionally, some of the Defendants acted as the agent for other Defendants, and all of the Defendants acted within the scope of their agency as if acting as the agent of another.

38. Knowing or realizing that other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful

acts.

## COUNT II
## UNFAIR AND DECEPTIVE TRADE PRACTICES
### (FRAUD)

39. Plaintiffs incorporate paragraphs 1-38 as though fully set forth herein.

40. All Defendants engaged in continuous and multiple unfair and deceptive trade practices, fraud and misrepresentations that affected interstate commerce and proximately caused the herein injuries to the Plaintiff.  All Defendants engaged in fraudulent misrepresentation with intent to deceive, conspiracy to defraud, aiding and abetting fraud and breach of contract, and tortuous interference with the conduct of Plaintiffs' business and contracts.

41.  Failure to hold Defendants to account for their actions, as outlined herein, poses risks to the citizens of the United States in future improper conduct by the Defendants.

   As part of their ongoing racketeering activity, the DEFENDANTS made several misrepresentations to the court, indicating that service had been affected upon BURNHAM when DEFENDANTS were fully aware that such service had not been made.  Such representations were made via mail and telephone via filed court documents and in person.

42.  Plaintiffs or their affiliates reasonably relied upon provisions in the Loan Agreements and related documents in agreeing to its terms and conditions.  Defendants, as part of their pattern of racketeering activity, including, but not limited to, mail fraud, wire fraud, and extortion of third parties via legal threats; constitute at least two separate incidents of racketeering activity occurring within at least ten years after the commission of a prior act of racketeering activity. Such acts had the same or similar purposes, results, participants, victims, methods of commission, or were otherwise interrelated by distinguishing characteristics and are not

isolated events.

43.  The racketeering acts of DEFENDANTS have caused PLAINTIFFS injury in the form of

monetary damages and loss to real and personal property. KEYBANK, along with  Defendants

US  BANK  and  CIII Asset Management LLC  were  part  of  an enterprise that engaged in and

whose  activities  affect interstate commerce.

44.    The amounts which have been added to the principal and interest due under the Mortgage in

furtherance of their scheme to defraud are as follows: (As outlined on Page 12 of CV-17-

887110 -- Exhibit 4 to the Burnham Affidavit, Exhibit A):

a.)  $2,750,000 in Late payment fees

b.)  $2,009,027.78 in default interest less ($756,250 due) = $1,252,777.78

c.)  $599,435.28 (Other Expenses)

d.)  $15,000 in legal expenses.

   TOTAL FRAUDULENT OVERCHARGES = $4,617,213.06

   All Exhibits are attached hereto, incorporated herein and marked accordingly.

   WHERFORE: Plaintiffs pray for a money judgment against all Defendants jointly and

severally in the amount of **$13,851,639.18**, attorneys' fees to be determined and such other

relief as this Court determines is just and proper.

Respectfully  submitted  this  the  3rd day of November 2017.

*Isl* H. E. Luke Lucas
Harold E. Lucas , Esquire
PA Bar # 61124
The Lucas Law Group, PLLC
95 Almshouse Road, Suite 305
Richboro, PA 18954
984-242-0982
lukelucasis@gmail.com

## DEMAND FOR JURY TRIAL

Pursuant to rule 38(a) of the F.R.C.P. Plaintiff demands a jury trial as to all issues triable by a jury.